IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| Jasmine Jafferali-Whitehead, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:19-cv-199 |
| Rhame, Elwood, McClure, PC, an Indiana professional corporation, | ) |
| Defendant. | ) <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Jasmine Jafferali-Whitehead, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's form debt collection letter violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Jasmine Jafferali-Whitehead ("Jafferali-Whitehead"), is a citizen of the State of Indiana, residing in the Northern District of Indiana, from whom Defendant attempted to collect an allegedly defaulted consumer debt, which had been owed for school fees.

4. Defendant, Rhame, Elwood & McClure PC ("Rhame"), is an Indiana professional corporation, and law firm, based in Portage, Indiana, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, defaulted consumer debts. Rhame operates a defaulted debt collection business that attempts to collect debts from consumers in the State of Indiana by sending them collection letters and by filing lawsuits. In fact, Rhame was acting as a debt collector as to the debt it attempted to collect from Ms. Jafferali-Whitehead.

5. Defendant Rhame is authorized to conduct business in Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, Defendant Rhame conducts business in Indiana.

## FACTUAL ALLEGATIONS

6. On February 6, 2019, Ms. Jafferali-Whitehead paid a $207 debt that her family owed for school fees.

7. Nonetheless, Defendant sent Ms. Jafferali-Whitehead an initial form collection letter, dated April 10, 2019, demanding payment of $300 for the school fees debt. This letter stated, in pertinent part:

\* \* \*

> Federal law gives you thirty (30) days after you receive this letter to dispute this claim, if you do not respond within thirty (30) days, this is considered a valid claim. If you choose to dispute it, please notify this office in writing and we will mail proof of the debt. **A lawsuit against you to collect this debt may be initiated before 30 days. The next letter from us may be a lawsuit**.

\* \* \*

A copy of Defendant's April 10, 2019 letter is attached as Exhibit B.

8. In fact, an oral dispute is valid and a dispute does not have to be in writing, as claimed in Defendant's letter. If, however, a consumer wishes to avail herself of certain protections provided by the FDCPA, namely to obtain verification of the debt and to require the debt collector to cease collection of the debt until verification is sent, the consumer must dispute the debt in writing; nowhere in Defendant Rhame's letter did it advise Ms. Jafferali-Whitehead that request for validation of the debt had to be in writing, to be effective.  Additionally, nowhere in Defendant's letter did they advise Ms. Jafferali-Whiteman that she can dispute any portion of the debt.

9. Additionally, Defendant's letter falsely stated that, ". . .  if you do not respond within thirty (30) days, this is a considered a valid claim", see attached Exhibit B. In fact, the FDCPA only allows the debt collector to "assume" the claim is valid if the consumer does not dispute the debt within 30 days, it does not make the claim valid for all purposes.

10. Defendant Rhame's letter further demanded "In order to prevent further action, you **MUST** do one of the following **within 10 days** of receipt of this notice" that Ms. Jafferali-Whitehead either needed to submit payment or contact them to make payment arrangements, see, attached Exhibit B.

11. Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay or whether to dispute a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012).  Whether disputing a debt could be done orally, by simply picking up the phone, or whether a consumer needs to make a written dispute, is material information that would play a role in a consumer's decision of whether to

3

dispute a debt.

12. Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay or whether to dispute a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). Defendant's conflicting collection demands and threats of litigation left Plaintiff without the statutorily-required information of how long she had to exercise her validation rights, and the manner in which she should exercise her rights under the FDCPA, should she choose to do so – all of which is material information that would play a role in a consumer's decision of what to do about the collection of the debt at issue.

13. Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692g –**
**Ineffectively Conveying And Overshadowing**
**The 30-Day Validation Notice**

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, the Defendant provide the consumer with an effective validation notice, i.e., notice that the consumer has 30 days after receipt of the notice to challenge the validity of the debt, or any portion of the debt, and seek verification of it.

4

17. Defendant Rhame's April 10, 2019 letter ineffectively conveyed, or rendered ineffective, the 30-day validation notice.  Specifically, Defendant Rhame's statement "In order to prevent further action, you **MUST** do one of the following **within 10 days** of receipt of this notice" and threat of a lawsuit rendered that notice ineffective, in violation § 1692g of the FDCPA, see, Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996); Bartlett v. Heibl, 128 F.3d 497, 501 (7th Cir. 1997); and Chauncey v. JDR Recovery Corporation, 118 F.3d 516, 519 (7th Cir. 1997).

18. Additionally, Defendant's demand that all disputes be in writing, when, in fact, an oral dispute is valid, violates § 1692g of the FDCPA, as does Defendant's failure to advise Plaintiff that requests for validation of the debt had to be in writing, to be effective, see, Clark v. Absolute Collection Serv., Inc., 741 F.3d 487, 490-491 (4th Cir. 2014); Hooks v. Forman, Holt, Eliades & Ravin, LLC, 717 F.3d 282, 286-87 (2d Cir. 2013); Camacho v. Bridgeport Fin. Inc., 430 F.3d 1078, 1080-82 (9th Cir. 2005); and Bishop v. Ross Earle & Bonan, 817 F.3d 1268, 1274 (11th Cir. 2016).

19. Defendant Rhame's violation of § 1692g of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692e
### False Statements

20. Plaintiff adopts and realleges ¶¶ 1-14.

21. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, see 15 U.S.C. § 1692e(2)(A).

22. Defendant, by telling Plaintiff that disputes must be in writing, when, in

fact, an oral dispute is valid, and by telling Plaintiff that, ". . . if you do not respond within thirty (30) days, this is a considered a valid claim", when, in fact, the FDCPA only allows the debt collector to "assume" the claim is valid if the consumer does not dispute the debt within 30 days and failure to dispute the debt does not make it valid, made false statements in connection with the collection of the debt, in violation of § 1692e of the FDCPA.

23. Defendant's violation of § 1692e of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

24. Plaintiff adopts and realleges ¶¶ 1-14.

25. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

26. Defendant, by telling Plaintiff that disputes must be in writing, when, in fact, an oral dispute is valid, by failing to advise Plaintiff that any portion of the debt can be disputed, and by telling Plaintiff that, ". . . if you do not respond within thirty (30) days, this is a considered a valid claim", when, in fact, the FDCPA only allows the debt collector to "assume" the claim is valid if the consumer does not dispute the debt within 30 days and failure to dispute the debt does not make it valid, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

27. Defendant's violation of § 1692f of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Jasmine Jafferali-Whitehead, prays that this Court:

1. Find that Defendant's form collection letter violated the FDCPA;

2. Enter judgment in favor of Plaintiff Jafferali-Whitehead, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Jasmine Jafferali-Whitehead, demands trial by jury.

Jasmine Jafferali-Whitehead,

By:/s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: May 24, 2019

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com